# Supreme Court of Florida

_____

No. SC16-2252

_____

**IN RE:  AMENDMENTS TO THE RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR.**

[November 30, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Rules of the Supreme Court Relating to Admissions to the Bar.  We have jurisdiction.  See art. V, § 15, Fla. Const.

## BACKGROUND

The Florida Board of Bar Examiners (Board) has filed a petition to amend the Rules of the Supreme Court Relating to Admissions to the Bar (Rules) 3-14 (Bar Application and Supporting Documentation), 3-23 (Specifications), 4-13.4 (Alternative Method of Educational Qualification), and 4-23.1 (Transfer of Score).  After submission to the Court, the proposed amendments were published for comment in The Florida Bar News.  The deans of multiple Florida law schools filed a comment supporting the proposed amendments to rule 4-23.1.  Florida Bar

member, Timothy P. Chinaris, filed a comment supporting the proposed amendments to rules 3-14, 3-23, and 4-23.1.

Upon consideration of the Board's petition and the comments filed, we adopt the amendments as proposed by the Board.

## AMENDMENTS

**Rule 3-14 (Bar Application and Supporting Documentation)**

In its petition, the Board explains that it is developing an applicant portal to allow all communications between the Board and applicants for admission to The Florida Bar to be done electronically. Thus, under rule 3-14 as amended, in lieu of a notarized paper copy of the bar application, an e-signature is required and the jurat on the application is modified to reflect this. Further, rule 3-14.1 (Filed as an Applicant) and rule 3-14.2 (Filed as a Registrant) are amended to delete the requirement that the bar application be "sworn," and rule 3-14.1(f) is amended to require, instead of an "affidavit . . . attesting that the applicant has read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts," an online form "acknowledgement of compliance . . . declaring" the same. The name of this form is changed to "Acknowledgement of Compliance," and the statement therein is amended to reference an e-signature PIN, rather than notarization. Rule 3-14.3 (Defective Applications) is amended to remove a reference to notarization.

**Rule 3-23 (Specifications)**

Similar to the amendments to rule 3-14, rule 3-23 is amended in order to accommodate electronic communication and submission of documents.  Currently, Specifications are served on applicants by certified mail, and a sworn and notarized response, with four copies, is required to be provided to the Board by mail.  The Board states that it wishes to allow the service of Specifications by both mail and electronically through the portal.  Rule 3-23 is amended to replace the requirement that a response to Specifications be "filed in the form of a sworn, notarized answer," with the requirement that it be "served in the form of a verified answer." This will allow applicants to serve the answer on the Board through the portal, without having to mail the original to the Board.

**Rule 4-13.4 (Alternative Method of Educational Qualification)**

This rule sets forth the requirements for an applicant who has not graduated from an accredited law school and who wishes to use the alternative method of establishing educational qualifications to sit for the bar examination.  Currently, the rule covers those engaged in the practice of law for at least ten years in the District of Columbia, in other states, or in the federal courts of the United States or its territories, possessions, or protectorates.  This rule is amended to clarify that federal courts are not limited to those courts established under Article III of the United States Constitution.  The Board states that this clarification will ensure that

the work product of an attorney who practiced in non-Article III federal courts, such as immigration courts, could be considered by the Board. This rule is also amended to expressly disqualify applicants who have been suspended or disbarred from the practice of law in the ten years prior to applying for admission to The Florida Bar. The Board is of the opinion, and we agree, that any such applicant does not meet the requirement in rule 4-13.4(c) that an applicant under the alternative method must be "a lawyer of high ability whose reputation for professional competence is above reproach."

**4-23.1 (Transfer of Score)**

Rule 4-23.1 is amended to allow an applicant to transfer a score obtained on the Multistate Bar Examination (MBE) in another state, as long as the transferred scaled score meets the requirements of rule 4-26.2 (Pass/Fail Line)—the scaled score would have to be 136 or higher under the individual method—and as long as it is obtained within the timeframe required under rule 4-18.1—within 25 months of the date of the administration of any part of the examination that is passed. In 1983, we adopted the current rule prohibiting the transfer of scores because at that time, there were inconsistencies in the administration and scoring of the MBE administered in other jurisdictions. However, since then, the National Conference of Bar Examiners has established very specific guidelines and procedures for the administration of the MBE, making the transfer of scores feasible and acceptable.

**CONCLUSION**

Accordingly, the Rules of the Supreme Court Relating to Admissions to the Bar are hereby amended, as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Bar

Elizabeth J. Walters, Chair, Scott N. Richardson, Past Chair, Michele A. Gavagni, Executive Director, and James T. Almon, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida,

for Petitioner

Leticia M. Diaz, Dean, Barry University – Dwayne O. Andreas School of Law, Orlando, Florida; Angela Felecia Epps, Dean, Florida A&M University College of Law, Orlando, Florida; Scott DeVito, Dean, Florida Coastal School of Law, Jacksonville, Florida; Tawia Ansah, Acting Dean, R. Alexander Acosta, Past Dean, Florida International University College of Law, Miami, Florida; Jon M. Garon, Dean, Nova Southeastern University – Shepard Broad College of Law, Fort Lauderdale, Florida; Christopher M. Pietruszkiewicz, Dean, Stetson University College of Law, Gulfport, Florida; Alfredo García, J.D., Dean, St. Thomas University School of Law, Miami Gardens, Florida; Laura Ann Rosenbury, Dean, University of Florida – Fredric G. Levin College of Law, Gainesville, Florida;

Patricia D. White, Dean, University of Miami School of Law, Coral Gables, Florida; and Timothy P. Chinaris, Nashville, Tennessee,

Responding with Comments

**APPENDIX**

**3-14.1 Filed as an Applicant.** Applicants are required to file complete ~~and sworn~~ Bar Applications. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:

**(a)** [NO CHANGE]

**(b)** [NO CHANGE]

**(c)** [NO CHANGE]

**(d)** [NO CHANGE]

**(e)** [NO CHANGE]

**(f)** an ~~affidavit~~acknowledgment of compliance, filed on a form available on the board's website ~~attesting~~declaring that the applicant has read Chapter 4, Rules of Professional Conduct, and Chapter 5, Rules Regulating Trust Accounts, of the Rules Regulating The Florida Bar; and

**(g)** [NO CHANGE]

**3-14.2 Filed as a Registrant.** A registrant is required to file a complete ~~and sworn~~Registrant Bar Application. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:

**3-14.3 Defective Applications.** A Bar Application or Registrant Bar Application initially filed in a defective condition (e.g., ~~without notarization,~~ without supporting documents~~,~~ or having blank or incomplete items on the application) may delay the initiation or the processing of the background investigation. A Bar Application or Registrant Bar Application filed in a defective condition will be accepted, but a fee of $150 will be assessed.

**3-23 Specifications.** Specifications are formal charges filed in those cases where the board has cause to believe that the applicant or registrant is not qualified for admission to The Florida Bar. If the board votes to prepare and file Specifications, the Specifications are served on the applicant or registrant. The response to Specifications must be ~~filed~~served in the form of a verified~~sworn,~~

~~notarized~~ answer to the Specifications within ~~20~~25 days ~~from receipt~~of service of the Specifications.

### 4-13.4 Alternative Method of Educational Qualification.

**(a)** [NO CHANGE]

**(1)** evidence as the board may require that the applicant was engaged in the practice of law for at least 10 years in the District of Columbia, in other states of the United States of America, or in federal courts of the United States or its territories, possessions, or protectorates (federal courts are not limited to Article III Courts), ~~and~~ was in good standing at the bar of the jurisdictions in which the applicant practiced, and was not suspended or disbarred from the practice of law in the 10 years prior to applying for admission to The Florida Bar; and

**(2)** [NO CHANGE]

**4-23.1 Transfer of Score.** A score achieved by an applicant on the Multistate Bar Examination administered in a jurisdiction other than the State of Florida will ~~not be transferred to or recognized by the board~~be accepted by the board if the applicant achieved the required scaled score under rule 4-26.2, under the individual method, within the timeframe required under rule 4-18.1. The score must be transferred directly to the board by the National Conference of Bar Examiners.